336 F.Supp. 510 (1971)
LAW RESEARCH SERVICE OF MISSOURI, INC., a Missouri Corporation, Plaintiff,
v.
WESTERN UNION TELEGRAPH COMPANY, a New York Corporation, and Law Research Service, Inc., a New York Corporation, Defendants.
No. 71 C 127(1).
United States District Court, E. D. Missouri, E. D.
December 7, 1971.
*511 Jim J. Shoemake, Guilfoil, Symington & Petzall, St. Louis, Mo., for plaintiff.
Thomas C. Walsh, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for Western Union.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on a motion by defendant Western Union Telegraph Company to dismiss plaintiff's first amended complaint against it for the reason that the complaint fails to state a claim upon which relief can be granted.
By order of this Court, dated June 25, 1971, plaintiff's original complaint was dismissed as to Count III against Western Union Telegraph Company. Plaintiff has now filed an amended complaint with two counts against defendant Western Union Telegraph Company: Count III consisting of a tort claim, and Count IV being basically another attempt to plead a third-party beneficiary contract. Defendant submits that plaintiff has failed to state a claim upon which relief can be granted in either count.
As concerns the tort claim in Count III, it is noted that a party to a contract has a right of action against persons who, by conduct short of actually inducing the other party to breach the contract, substantially interfere with the performance of that contract. The promisee may recover for any act which retards, makes more difficult, or prevents performance or makes performance of a contract of less value to him. *512 45 Am.Jur.2d, Interference, § 41. See: Annotation, 84 A.L.R. 43, 52, s. 26 A.L. R.2d 1227, 1240 § 3. In an action for interference, the plaintiff must allege facts showing he had an interest which was legally protected against the alleged interference by the defendant and that such interference was the legal cause of the damage to the plaintiff, although it is not necessary to negate justification. What is required is that sufficient facts be alleged with specificity to give the adversary parties reasonable notice of what they must be prepared to meet. It is not necessary that every element be alleged expressly if the facts alleged, at least by implication, sufficiently apprise the defendants of the particular element of the tort. 45 Am.Jur.2d, Interference, § 55.
Defendant contends that plaintiff has failed to plead an essential element of its tort claim, namely, malice. However, the malice that forms an element in an action for interference is legal malice, that is, the intentional doing of a harmful act without legal or social justification or excuse, or in other words, the willful violation of a known right. It is not necessary to allege and prove actual malice in the popular sense of personal hatred, ill will, or spite, for an intentional interference is malicious in law even if it is the result of good motives and express malice is lacking. 45 Am.Jur.2d § 3. See: Annotation, 9 A.L.R.2d 228, 241 § 4. Downey v. United Weatherproofing, 363 Mo. 852, 253 S.W.2d 976 (1953).
Taking the facts pleaded as being true, as we must for the purposes of this motion, this Court cannot say that plaintiff has failed to state a claim upon which relief can be granted in Count III. Thus, Count III of the amended complaint will not be dismissed.
However, with respect to Count IV of the amended complaint, it is the opinion of this Court that it must fail for the same reasons as expressed in this Court's memorandum opinion, dated June 25, 1971, namely, plaintiff is not a third-party beneficiary of the contract between Law Research Service, Inc., and Western Union Telegraph Company and, thus, has no standing to recover as such. In a conclusionary allegation, plaintiff refers to a joint venture on the part of Law Research Service and Western Union Telegraph Company in Count IV. However, plaintiff has plead none of the elements of a joint venture. Moreover, even if Law Research Service and Western Union Telegraph Company could be considered to have entered into a joint venture, plaintiff would still not be a third-party beneficiary of the contract. Accordingly, Count IV of the amended complaint will be dismissed.